Eric A. Savage, Esq. (State Bar No. 010491986)
Jillian L. Szymonifka, Esq. (State Bar No. 114492014)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Res-Care New Jersey, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAKIA ROGERS,<br><br>                          Plaintiff,<br><br>vs.<br><br>RES-CARE, INC. d/b/a RESCARE RESIDENTIAL SERVICES,<br>And JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative,<br><br>                          Defendants. | Civil Action No. 1:21-cv-2702<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br><u>**Electronically Filed**</u> |

TO:   **THE CLERK AND THE HONORABLE JUDGES**
      **OF THE UNITED STATES DISTRICT COURT**
      **FOR THE DISTRICT OF NEW JERSEY**

TO:   **ZACHARY A. WALL, ESQ.**
      **WALL & LONDON LLC**
      **34 TANNER ST., SUITE 4**
      **HADDONFIELD, NEW JERSEY 08033**
      **Attorneys for Plaintiff**

Defendant Res-Care New Jersey, Inc. (improperly pled as "Res-Care, Inc.") ("Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Burlington County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

1.      Plaintiff  Lakia Rogers ("Plaintiff") commenced this action on or about January 14, 2021 by filing a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, captioned Lakia Rogers v. Res-Care, Inc. d/b/a ResCare Residential Service, *et al* Docket No.: BUR L-000105 21 ("the State Court Action"), which is now pending in that court. Attached as **Exhibit A** is a copy of Plaintiff's Summons and Complaint.

2.      The above documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

3.      Defendant first received notice of the Complaint in the State Court Action on or about January 18, 2021 when Defendant was served a copy of the Summons and Complaint. This Notice of Removal is being filed within the time limits set by 28 U.S.C. § 1446(b).

4.      Because the Superior Court of Burlington County, New Jersey, lies in the District of New Jersey, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 110, 1441(a).

5.      This is a civil action over which this Court has original jurisdiction by virtue of federal question jurisdiction granted by 28 U.S.C. § 1331.   To establish federal question jurisdiction for removal purposes, a civil action must arise "under the Constitution, laws or treaties of the United States."  *Id.*

6.      In the State Court Action, Plaintiff alleges Family and Medical Leave Act (29 U.S.C. § 2601, *et seq.*) Interference in Count IV of the Complaint, which clearly arises under the laws of the United States.  *See* 28 U.S.C. § 1331.

7.      This Notice of Removal is being filed in the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending.

8.      Attached hereto as **Exhibit B** is a copy of the Notice to Clerk of the Superior Court of New Jersey of Filing of Notice of Removal (without exhibits), the original of which is

—

being filed with the New Jersey Superior Court Clerk, Law Division, Burlington County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of Burlington County, New Jersey, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.[1]

**LITTLER MENDELSON**
A Professional Corporation


*s/Eric A. Savage*_____
Eric A. Savage
Jillian L. Szymonifka
Attorneys for Defendant
*Res-Care New Jersey, Inc.*

Dated: February 16, 2021

---

[1] By filing this Notice of Removal, Defendant does not waive any defenses available to it at law, equity or otherwise.

# EXHIBIT A



**null / ALL**
**Transmittal Number: 22576203**
**Date Processed: 01/18/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melanie Martin<br>Res-Care, Inc. d/b/a Brightspring Health Services<br>805 N Whittington Pkwy<br>Louisville, KY 40222-5186 |

| | |
|---|---|
| **Electronic copy provided to:** | Jalyn Hewitt |

| | |
|---|---|
| **Entity:** | Res-Care, Inc.<br>Entity ID Number  2964224 |
| **Entity Served:** | Res-Care, Inc. d/b/a Rescare Residential Service |
| **Title of Action:** | Lakia Rogers vs. Res-Care, Inc. d/b/a Rescare Residential Services |
| **Matter Name/ID:** | Lakia Rogers vs. Res-Care, Inc. d/b/a Rescare Residential Services (10828596) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Burlington County Superior Court, NJ |
| **Case/Reference No:** | BUR-L-000105-21 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 01/18/2021 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Zachary R. Wall<br>856-428-1480 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# WALL & LONDON LLC

*We're in your corner when you need us most*

ZACHARY R. WALL°
RACHEL S. LONDON°♦

° Admitted in NJ & PA

♦ Admitted in DE

34 Tanner Street, Suite 4
Haddonfield, NJ 08033

P: (856) 428-1480
F: (856) 428-1436
www.wallandlondon.com

January 15, 2021

**Via Process Service**
Res-Care, Inc. *D/B/A Rescare Residential Service*
c/o Corporation Service Company *, RA*
100 Charles Ewing Blvd, Suite 160
Ewing, NJ 08628

Re:    Lakia Rogers v. Res-Care, Inc. et al.
Docket Number: BUR-L-000105-21

Dear Sir or Madam:

Please be advised that this firm represents the Plaintiff in the above-referenced matter. Enclosed please find copies of Plaintiff's Summons Track Assignment Notice, filed Complaint, Case Information Sheet, First Interrogatories and Requests for Production of Documents to Defendants.

Very truly yours,

Zachary R. Wall
**Wall & London LLC**
zwall@wallandlondon.com

ZRW/sm
Encs.

Zachary R. Wall, Esquire
Atty No.: 023032007
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: zwall@wallandlondon.com
*Attorneys for Plaintiff*

---

| | |
|---|---|
| LAKIA ROGERS, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | CIVIL ACTION |
| RES-CARE, INC d/b/a RESCARE<br>RESIDENTIAL SERVICE; and JOHN<br>DOES 1-10: fictitious persons or entities;<br>jointly, severally and alternatively, | DOCKET NO.: BUR-L-000105-21<br><br>**SUMMONS** |
| Defendants. | |

---

**From the State of New Jersey to the Defendants Named Above:**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

1

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.    If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

Dated: January 15, 2021

                                        /s/ Michelle M. Smith
                                        Michelle M. Smith
                                        Acting Clerk, Superior Court

Name of defendant to be served:

    Res-Care, Inc.

Address for service:

    Res-Care, Inc.
    c/o Corporation Service Company
    100 Charles Ewing Blvd., Suite 160
    Ewing, NJ 08628

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JANUARY 14, 2021
                    RE:     LAKIA ROGERS  VS RES-CARE
                    DOCKET: BUR L -000105 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON AIMEE R. BELGARD

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: ZACHARY R. WALL
                         WALL & LONDON LLC
                         34 TANNER ST STE 4
                         HADDONFIELD      NJ 08033

JUCCAU0

Zachary R. Wall, Esquire
Atty. No. 023032007
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: zwall@wallandlondon.com
*Attorneys for the Plaintiff*

---

| | |
|---|---|
| LAKIA ROGERS, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiff, | |
| v. | CIVIL ACTION |
| RES-CARE, INC. d/b/a RESCARE RESIDENTIAL SERVICES; and JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative, | DOCKET NO.: |
| | **COMPLAINT & JURY DEMAND** |
| Defendant. | |

---

The Plaintiff, LAKIA ROGERS, by way of Complaint against the Defendant, RES-CARE,

INC. d/b/a RESCARE RESIDENTIAL SERVICES; and JOHN DOES 1-10; states as follows:

## INTRODUCTION

1.    During the midst of the ongoing COVID-19 global health crisis, the corporate Defendant

decided to fire Lakia Rodgers because she needed an eight-week medical leave to have

surgery to repair ruptured tendon(s) in her right hand. At no time did Defendant satisfy its

obligation of providing, or even offering, a protected leave of absence to allow its employee

to care for her temporary disability.    Fortunately, New Jersey Law provides redress for

employees subjected to such disparate treatment, discrimination, and retaliation. Plaintiff,

therefore, brings this lawsuit to expose Defendant's behavior and to seek redress for the unlawful treatment she suffered.

### NATURE OF ACTION

2. This is an action by the Plaintiff as a former employee of the Defendant for recovery of damages in the amount of lost wages, emotional distress damages, benefits, and other remuneration, including attorney's fees and costs, by reasons of the Defendant's violation of the Plaintiff's rights under statutory law pursuant to the NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, *et seq.* ("NJLAD") and the FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C.A. 2601, et seq. ("FMLA").

3. This is an action seeking equitable and legal relief for violations of the NJLAD and FMLA including, but not limited to, disability discrimination, retaliation, and wrongful termination.

4. Venue is properly laid in accordance with R.4:3 2(a) and (b) as Plaintiff's cause of action arose in Burlington County, New Jersey and the corporate Defendant conducted business in and owned and/or operated a commercial enterprise in Mount Laurel, New Jersey.

### THE PARTIES

5. Upon information and belief, Defendant RES-CARE, INC. d/b/a RESCARE COMMUNITY LIVING (hereafter referred to as "ResCare" and/or "Defendant"), is a foreign profit corporation headquartered in Louisville, Kentucky.

6. At all relevant times herein, ResCare maintained a place of business in Mount Laurel, New Jersey and employed the Plaintiff within New Jersey.

7. ResCare (operating as BrightSpring Health Services) provides support services for people with physical and mental disabilities. ResCare has residential and nonresidential facilities

in more than 40 states and employs more than 40,000 workers nationwide.

8. Upon information and belief, Defendant ResCare is responsible and vicariously liable for the actions of any and all disability leave administrators, personnel entities, and human resources entities which participated in the adverse employment actions alleged herein (pled as "John Does 1-10").

9. Plaintiff LAKIA ROGERS ("Ms. Rogers" and/or "Plaintiff") was employed by Defendant as a Direct Support Professional, from on or around January 2015 until she was unlawfully terminated on or around October 30, 2020.

10. Plaintiff resides in New Jersey.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. While working for ResCare, Ms. Rogers developed disabling conditions in her hand, including, but not limited to, tendon rupture and tendonitis. Her injury occurred at work and was the specific result of work.

12. Due to ResCare work requirements, Plaintiff was forced to physically lift patients in wheelchairs because Defendant's facility lacked adequate ramps.

13. Plaintiff's hand suffered nerve damage as a result.

14. Before Defendant prevented her from continuing with his career, the Plaintiff was performing her job duties to the reasonable expectation of her employer. In fact, the Plaintiff had received uniformly excellent performance evaluations during her almost five (5) years of loyal employment with ResCare.

15. Despite her exemplary employment record, Ms. Rogers became a target of Defendant after she suffered a workers' compensation related hand injury and required a medical leave of absence.

16. Ms. Rogers asked her employer to file a workers' compensation claim for her injury.

17. Defendant refused to open a workers' compensation claim for Ms. Rogers and told her that she had to file a claim with New Jersey temporary disability instead. This was an intentional misrepresentation by Defendant.

18. Plaintiff's doctor ordered a medical leave from September 17, 2020 to November 16, 2020.

19. Plaintiff visited her physician on October 16, 2020 and leave was extended to December 14, 2020.

20. Ms. Rogers asked her employer for a temporary leave of absence to treat her disability and allow her to recover from surgery.

21. Ms. Rogers filled out all required applications and submitted medical certifications verifying her need for leave.

22. Defendant ignored the documented request for protected leave and denied the leave request.

23. Defendant told Ms. Rogers she only had "3 weeks" of leave entitlement and told her that she had to come back to work in October. Defendant unilaterally issued a "return to work date" of October 29, 2020. This was an intentional misrepresentation by Defendant.

24. Defendant's actions were in direct contrast to the submitted leave application and medical certification.

25. Plaintiff was informed of her employment termination during the midst of a disability leave.

26. The termination was in direct retaliation for Ms. Roger's need for a temporary medical leave of absence because of a worker's compensation related disability.

27. Plaintiff suffered a disabling hand injury.

28. Plaintiff's physician recommended surgery to treat her hand condition(s).

29. Defendant was aware of Ms. Roger's disability and need for a temporary medical leave of absence.

30. Plaintiff provided her employer with all required and requested medical documentation verifying her disability and need for a temporary leave of absence.

31. Plaintiff provided Defendant with an anticipated return-to-work date.

32. Plaintiff maintained communication with Defendant regarding the need for leave.

33. Defendant refused Ms. Rogers' request for a reasonable accommodation and terminated her for a reason directly related to her disability.

34. Despite Plaintiff's actions to protect her job, Defendant terminated Ms. Rogers on October 20, 2020.

35. Defendant's decision to terminate was motivated by Plaintiff's disability and need for an accommodation.

36. Defendant treated Ms. Rogers differently, and less favorably, than non-disabled employees.

**COUNT ONE -**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION,**
**N.J.S.A. 10:5-12, *et seq.***
**DISCRIMINATION AND WRONGFUL TERMINATION**
**ON THE BASIS OF DISABILITY**

37. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

38. The Defendant's actions described above constitute disability discrimination and wrongful termination in violation of the NJLAD.

39. The decision to terminate Plaintiff's employment was influenced and/or motivated by Ms. Rogers' temporarily disabling conditions.

40. The mistreatment and disability discrimination suffered by the Plaintiff, as described above in the preceding facts and paragraphs, culminated in Defendant terminating Plaintiff.

41. The actions taken against the Plaintiff, and the conduct complained of by the Plaintiff, would not have occurred but for Plaintiff's disability.

42. As a result of the discriminatory acts of the Defendant, the Plaintiff lost salary, job opportunities, advancement opportunities, and other pecuniary losses.

43. As a direct and proximate result of the discriminatory and outrageous actions of the Defendant, the Plaintiff has suffered severe emotional distress, humiliation, and damage to reputation, both professionally and personally.

44. The Defendant's acts were performed with malice and reckless indifference to the Plaintiff's protected rights.

45. The willful indifference and participation of ResCare upper management creates liability against Defendant.

46. The willful and deliberate discriminatory acts of the Defendant, including management, were outrageous, and beyond all bounds of human decency, thus justifying the imposition of punitive damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and

all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

**COUNT TWO -**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1, _et seq._:**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

47.     The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

48.     Prior to her termination, Ms. Rogers had performed her job duties to the reasonable expectation of her employer.

49.     Plaintiff specifically requested the reasonable accommodation that she be provided with a temporary leave of absence.

50.     Despite Plaintiff's need for a reasonable accommodation, the Defendant refused to make any attempt to engage in an interactive process.

51.     The requested accommodations clearly did not pose any undue hardship to Defendant.

52.     Defendant failed to make a good faith effort to provide Plaintiff with reasonable accommodations.

53.     Defendant violated the New Jersey Law Against Discrimination by refusing to reasonably accommodate the Plaintiff and by terminating her employment.

54.     The discriminatory actions against the Plaintiff would not have occurred but for the fact that she was disabled.

55.     The alleged allegations were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendant.

56.     Defendant's acts were performed with malice and a reckless indifference to Plaintiff's protected rights.

57.     The willful indifference and actual participation by ResCare management creates liability against the corporate Defendant.

58. Upon information and belief, there may be other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff. These John Does may be later added as named parties.

59. As a result of Defendant' intentional and outrageous actions toward the Plaintiff, Ms. Rogers has suffered, and continues to suffer, embarrassment, humiliation, emotional distress, reputational, and other monetary injuries.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-

harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

### COUNT THREE -
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (*PIERCE* AND *LALLY* CLAIM)

60.  The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraphs and Counts, as if fully set forth herein.

61.  There exists a common law cause of action for civil redress for a retaliatory termination for filing for workers' compensation benefits that is specifically declared unlawful under N.J.S.A. 34:15-39 and 39.2., Lally v. Copyqraphics, 173 N.J. Super. 162, 179 (App. Div. 1980), aff'd 85 N.J.668, 670 (1981).

62.  Public policy of New Jersey provides that workers who are injured in the course of their duties should have their jobs protected to the extent reasonably possible without causing undue hardship to the employer.

63.  By terminating the Plaintiff while she was out on leave and/or her ability to perform her job was affected by a workers' compensation approved work-related injury, Defendant violated New Jersey public policy.

64.  By terminating the Plaintiff in retaliation for filing a workers' compensation claim violates

New Jersey public policy.

65.    New Jersey common law provides that an employee has a private cause of action where an employer discharges an employee contrary to a clear mandate of public policy. <u>Pierce v. Ortho Pharm. Corp.</u>, 84 N.J. 58 (1980).

66.    The Defendant, by their foregoing described actions of terminating the Plaintiff, have retaliated against the Plaintiff and denied the Plaintiff opportunities for employment in violation of common law as set forth in <u>Pierce v. Ortho Pharm. Corp.</u>, 84 N.J. 58 (1980) and <u>Lally v. Copygraphics</u>, 173 N.J. Super. 162, 179 (App. Div. 1980), <u>aff'd</u> 85 N.J. 668 (1981).

67.    It is a clear mandate of public policy that employees who have suffered serious and disabling injuries in the course of their employment should not be obstructed or deterred in their pursuit of claims for benefits under the Workers' Compensation Act.

68.    The Plaintiff complied with public policy by filing a claim for workers' compensation benefits for his serious injury and complying with treatment. As a direct result, he was discharged by the Defendant in clear violation of common law.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant, jointly, severally, and alternatively, for compensatory damages, including damages for emotional distress, loss of reputation and other personal injury, and consequential damages, punitive damages, statutory damages, enhancement for tax liability, cost of suit, attorney's fees and any other relief that Court deems just.

**COUNT FOUR –**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601, et al.: INTERFERENCE & WRONGFUL DISCHARGE**

69.     The Plaintiff repeats, realleges, and incorporates by reference each and every allegation

        contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

70.     During the Plaintiff's employment with ResCare, she required and requested a medical

        leave of absence.

71.     Despite repeated attempts to protect her employment, Plaintiff was terminated in retaliation

        for her needing a medical leave.

72.     The Plaintiff had properly advised her employer of her medical condition and provided

        documentation from her doctor that she would be requiring a leave.

73.     The FMLA makes it unlawful for any employer to interfere with, restrain, or otherwise

        deny any right provided by that Act.

74.     Defendant failed to advise Plaintiff of her right to take a protected medical leave under the

        FMLA.

75.     At the relevant time, the Defendant employer had employed fifty (50) or more employees

        in at least twenty (20) weeks of the preceding year.

76.     At the relevant time, the Defendant employer had fifty (50) or more employees within

        seventy-five (75) miles of the Plaintiff's work location.

77.     The Plaintiff had worked in excess of 1,250 hours for the Defendant employer during the

        12 months preceding her need for FMLA leave.

78.     The Defendant employer willfully violated the FMLA by terminating the Plaintiff without

        even providing her with the opportunity to apply for a FMLA leave.

79.     Upon information and belief, there may be other John Does, to be identified through

discovery, who participated in or made decisions to discriminate against the Plaintiff. These John Does may be later added as named parties.

80. The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against all parties.

81. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

82. As a result of the Defendant's willful and intentional outrageous actions toward the Plaintiff, as detailed in the previous paragraphs and Counts of this Complaint, the Plaintiff has suffered, and continues to suffer, extreme emotional distress, anxiety, embarrassment, humiliation, monetary, emotional, reputational and other personal injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages, including damages for emotional distress, physical injury, loss of reputation and other personal injury, back pay, front pay, reinstatement with full seniority and benefits, consequential damages, pre- and post- judgement interest, enhancement for tax consequences, reasonable attorney's fees, costs of suit, and any other relief this Court deems just.

## COUNT FIVE – JOHN DOES

83. The Plaintiff repeats, realleges, and incorporate by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

84. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendant, the Plaintiff cannot be certain that the named Defendant are the only person(s) or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiff has named John Does 1 - 10, fictitious persons or legal entities as Defendant(s) to this action.

85.    As such, the terms "Defendant" or "Defendant" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

**WHEREFORE,** the Plaintiff demands judgment against the Defendant and John Does 1-10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

By:    */s/ Zachary R. Wall*
         Zachary R. Wall, Esquire
         **WALL & LONDON LLC**
         *Attorneys for the Plaintiff*

DATED: January 14, 2021

**JURY DEMAND**

Plaintiff demands trial by jury as to all of the triable issues of this complaint, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Zachary R. Wall, Esquire, is hereby designated as trial counsel.

**CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

By:     /s/ Zachary R. Wall
        Zachary R. Wall, Esquire
        **WALL & LONDON LLC**
        *Attorneys for the Plaintiff*

DATED: January 14, 2021

## NOTICE REGARDING NON-
## DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendant(s) should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter. Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A.     The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B.     The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C.     The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter.

D.     The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

By:     _/s/ Zachary R. Wall_____
        Zachary R. Wall, Esquire
        **WALL & LONDON LLC**
        *Attorneys for the Plaintiff*

DATED: January 14, 2021

BUR-L-000105-21 01/14/2021 11:39:10 AM Pg 1 of 1 Trans ID: LCV2021102307

# Civil Case Information Statement

| Case Details: BURLINGTON | Civil Part Docket# L-000105-21 | |
|---|---|

| | |
|---|---|
| **Case Caption:** LAKIA ROGERS   VS RES-CARE, INC. | **Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES |
| **Case Initiation Date:** 01/14/2021 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** ZACHARY R WALL | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** WALL & LONDON LLC | **Is this a professional malpractice case?**  NO |
| **Address:** 34 TANNER ST STE 4 | **Related cases pending:** NO |
| HADDONFIELD NJ 08033 | **If yes, list docket numbers:** |
| **Phone:** 8564281480 | **Do you anticipate adding any parties (arising out of same |
| **Name of Party:** PLAINTIFF : LAKIA ROGERS | transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company** | |
| **(if known):** Unknown | **Are sexual abuse claims alleged by:** LAKIA ROGERS? NO |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE |
|---|
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 01/14/2021 | /s/ ZACHARY R WALL |
| Dated | Signed |

# EXHIBIT B

Eric A. Savage, Esq. (State Bar No. 010491986)
Jillian L. Szymonifka, Esq. (State Bar No. 114492014)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, NJ  07102
973.848.4700
Attorneys for Defendant
*Res-Care New Jersey, Inc.*

| | |
|---|---|
| LAKIA ROGERS,<br><br>                    Plaintiff,<br><br>vs.<br><br>RES-CARE, INC. d/b/d RESCARE<br>RESIDENTIAL SERVICE,<br>And JOHN DOES 1-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BURLINGTON COUNTY<br><br>DOCKET NO. BUR-L-000105-21<br><br>*Civil Action*<br><br>**NOTICE OF FILING OF NOTICE OF<br>REMOVAL**<br><br>**<u>Electronically Filed</u>** |

**TO:   Clerk, Superior Court of New Jersey**
**Law Division, Burlington County**
**49 Rancocas Rd**
**Mt. Holly, N.J. 08060**

　　**PLEASE TAKE NOTICE** that, on February 16, 2021, Defendant Res-Care New Jersey, Inc. (improperly pled as "Res-Care, Inc.") ("Defendant") filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.  Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

**LITTLER MENDELSON**
A Professional Corporation


s/*Eric A. Savage*
Eric A. Savage
Jillian L. Szymonifka
Attorneys for Defendant
*Res-Care New Jersey, Inc.*

Dated: February 16, 2021